NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0550n.06

No. 10-5141

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Aug 08, 2011*

LEONARD GREEN, Clerk

| | |
|---|---|
| MICHAEL R. HOLBROOK, | ) |
| | ) |
| Plaintiff–Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR THE |
| BOYD COUNTY, KENTUCKY; JOE | ) EASTERN DISTRICT OF KENTUCKY |
| BURCHETT INDIVIDUALLY AND IN | ) |
| HIS OFFICIAL CAPACITY AS BOYD | ) |
| COUNTY JAILER; JOHN AND JANE | ) |
| DOES, NOS. 1, 2, AND 3 | ) |
| INDIVIDUALLY AND IN THEIR | ) |
| OFFICIAL CAPACITY AS OFFICERS | ) |
| AND EMPLOYEES OF THE BOYD | ) |
| COUNTY DETENTION CENTER. | ) |
| | ) |
| Defendants–Appellees. | ) |
| | ) |

Before: MOORE and GIBBONS, Circuit Judges; BORMAN, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** In this 42 U.S.C. § 1983 action for deliberate indifference to serious medical needs, plaintiff-appellant Michael R. Holbrook appeals the district court's grant of summary judgment to defendants-appellees Boyd County, Kentucky, Joe Burchett individually and in his official capacity as Boyd County Jailer, and unnamed officers and employees of the Boyd County Detention Center in their individual and official capacities. The district court found that Holbrook failed to exhaust his administrative remedies, as required by the Prison

_____

[*]The Honorable Paul D. Borman, United States District Judge for the Eastern District of Michigan, sitting by designation.

No. 10-5141
*Michael Holbook v. Boyd County, Kentucky*

Litigaton Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a).  On appeal, Holbrook argues that there exists a genuine question of fact as to whether he attempted to comply with the PLRA and whether defendants made him aware of the Boyd County Detention Center's grievance procedures. For the reasons that follow, we reverse the district court and remand the case for further consideration.

## I.

While in custody at the Boyd County Detention Center, Holbrook was diagnosed with methicillin resistant staphylococcus aureus ("MRSA").  Holbrook argues that this infection stems from the prison officials' deliberate indifference to his medical needs.

At the conclusion of discovery, the case turned on whether Holbrook had exhausted his administrative remedies, as required by the PLRA.  In relevant part, defendants noted in their motion for summary judgment, "Holbrook did not file a grievance and thus failed to utilize a grievance procedure provided to him."  Because Holbrook failed to file a grievance, when a grievance procedure existed, the defendants argued that he did not exhaust his administrative remedies and that the lawsuit should be dismissed.[1]  Defendants supported their contentions with the affidavit of Burchett, submitted with their reply brief in the district court.  Burchett attested that the grievance procedure for the detention center is open to all inmates and that Holbrook did not file a grievance concerning the subject matter of this case.

---

[1]The defendants offered other arguments too, including an argument for qualified immunity, but the district court never addressed these other arguments because it could dispose of the case under the PLRA.

In response, Holbrook made two primary claims: (1) he was never given any type of instruction from the jail on grievance procedures, and (2) he knew that grievances, when written, were often thrown away. Holbrook also argued that he wrote a grievance for this case to which he never received a reply.[2] Holbrook submitted an affidavit with his response in which he stated that he had received no information or instructions regarding grievance procedures and that he completed a written medical grievance concerning his condition and lack of medical care and handed it to Deputy Lovell Marshall. He also averred that complaints were often thrown away at the detention center.

In reply, the defendants submitted a copy of a grievance Holbrook had previously filed while incarcerated in the Boyd County Detention Center in an effort to illustrate that Holbrook did indeed know about the grievance procedure. The defendants also argued that Holbrook had not mentioned submitting a grievance in his deposition. In his deposition, Holbrook mentioned only complaining orally to Barry Adkins.

The district court agreed with the defendants. Finding that the PLRA applied, the district court noted both that "the PLRA makes no exception for ignorance" and that Holbrook had previously filed a grievance. Thus Holbrook's claim that he "does not understand or is not familiar with the grievance procedure stretches the bounds of credibility." The district court also found that it was undisputed that Holbrook did not avail himself of his available administrative remedies. The

---

[2]Holbrook also briefly argued that the PLRA did not apply because he had been moved to a new institution and the state had not proved that there was a mechanism by which he could "grieve in the second institution conditions that existed in the first." Because Holbrook does not argue this point on appeal, we do not address it.

district court appeared unaware of Holbrook's affidavit stating that he did submit a grievance.

Because there was no genuine issue of fact whether Holbrook filed a grievance, the district court

granted summary judgment to the defendants. The district court then also denied Holbrook's motion

to alter or amend under Federal Rule of Civil Procedure 59(e).

II.

This court reviews *de novo* a district court's grant of summary judgment. *Hartsel v. Keys*,

87 F.3d 795, 799 (6th Cir. 1996). Summary judgment is appropriate when the moving party "shows

that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). "When evaluating the appeal, the court must view the

evidence in the light most favorable to the non-moving party." *Hartsel*, 87 F.3d at 799 (citing

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Holbrook correctly insists that there is a genuine question of fact whether he complied with

the PLRA. Holbrook's affidavit explicitly states that he filed a grievance, even though Burchett's

affidavit suggests that he did not. Moreover, nothing in Holbrook's deposition is directly contrary

to the affidavit. While Holbrook was asked in his deposition whether he had complained about his

medical treatment, at no point was he asked whether he had filed a grievance. Because there is a

genuine issue of fact as to whether Holbrook complied with the PLRA, it was error for the district

court to grant summary judgment.

In remanding Holbrook's case to the district court, we do not find that he has necessarily

satisfied the PLRA. The district court will need to assess whether Holbrook did in fact submit a

No. 10-5141
*Michael Holbrook v. Boyd County, Kentucky*

grievance and, if he did, whether the submission of the grievance without further action by Holbrook

is sufficient to constitute exhaustion.

III.

For the foregoing reasons, we reverse the district court and remand for further consideration.